## WATSON *v.* DINGMAN.

ATTACHMENT—SERVICE AND RETURN.

A return of service indorsed by the sheriff on a writ of attachment in the following language:   " I served a certified copy of the within writ on A.   *   *   *   by delivering the same to A., and   *   *   *   I served a certified copy, together with a copy of the inventory, on B.,"—is fairly to be interpreted as denoting service of a copy of the writ, as well as of the inventory, upon B.

Error to Missaukee; Aldrich, J.   Submitted May 10, 1899.   Decided June 19, 1899.

Proceedings under the log-lien law by James Watson against Charles M. Dingman and Charles L. Dolph. From a judgment for plaintiff, defendant Dolph brings error.   Affirmed.

*George J. Cummins*, for appellant.

*F. O. Gaffney*, for appellee.

MOORE, J.   Prior to May, 1898, the plaintiff was em-

ployed by Mr. Dingman in getting out in the woods, and driving in the river, cedar logs belonging to Mr. Dolph. On May 17, 1898, he sued out a writ of attachment against Mr. Dingman and against the logs, under the provisions of Act No. 229, Pub. Acts 1887 (3 How. Stat. § 8427*a et seq.*). About 10,000 pieces of cedar were seized under this writ on the 17th day of May. On the 23d day of May, Mr. Dolph gave a bond, and secured a release of the timber. The sheriff made on the writ of attachment the following return:

"STATE OF MICHIGAN,   } ss. :
  County of Missaukee. }

"I do hereby return that, by virtue of the foregoing writ of attachment, I did, on the 17th day of May, A. D. 1898, attach the following property, viz. : About ten thousand pieces of cedar from eight inches to two and one-half feet thick, eight feet long, marked some Cccc, some Cccc Ccc, some Ccc, some C A, and cut by C. M. Dingman; and I do further return that at the village of Temple, in the county of Clare, on the 17th day of May, A. D. 1898, I served a certified copy of the within writ on Charles L. Dolph, the owner of the above-described property, one of the defendants in said attachment named, with a copy of said writ, duly certified, as I am commanded, by delivering the same to Charles L. Dolph; and I do further certify and return that I served a certified copy, together with a copy of the inventory, on C. M. Dingman, in the township of West Branch, Missaukee county, Michigan, on May the 18th, 1898.

"Inventory of goods seized by me by virtue of this writ: About ten thousand pieces of cedar from eight inches to two and one-half feet thick, marked as follows: Some Cccc, some Cccc Ccc, some Ccc, and some C A.
                                    "JOHN R. TENANT,
              "Sheriff in and for Missaukee Co., Mich.
  "My fees, $7.00."

On the return day of the writ, May 27th, no appearance was made by either of the defendants, and a judgment was rendered in favor of the plaintiff. On the 31st of May Mr. Dolph filed an affidavit and bond, and took a general appeal of the case to the circuit court. On the

16th of June, by his attorney, Mr. Dolph entered a general appearance in the case. In July the case was tried by a jury. Defendant Dolph called Mr. Dingman as a witness. A trial upon the merits was fully had. After the testimony was all in, the defendant asked to have a verdict directed in his favor, for the reason that the return of the sheriff in justice's court, not showing that a copy of the writ of attachment was served upon Mr. Dingman, did not give the court jurisdiction. This was the first time objection was made to the jurisdiction of the court. The court refused to direct the verdict as requested, and allowed the sheriff to amend his return by inserting after the words "certified copy" the words "of said writ." The case was submitted to the jury, who returned a verdict in favor of the plaintiff. The refusal of the judge to direct a verdict, and his allowing the return to the writ to be amended, are said to be error.

It may well be urged that the taking of a general appeal, the entry of a general appearance, and entering upon the trial without questioning the jurisdiction of the court would be a waiver on the part of the defendant; but we do not deem it necessary to pass upon that question. Neither is it essential to say whether the judge could allow an amendment under the circumstances of this case, because an examination of the return shows the writ was properly served. The return of service was made on the writ itself. It proceeds to say how service was made on Mr. Dolph: "I served a certified copy of the within writ on Charles L. Dolph, * * * as I am commanded, by delivering the same to Charles L. Dolph; and I do further certify and return that I served a certified copy, together with a copy of the inventory, on C. M. Dingman," etc. A fair interpretation of this language is that the sheriff served a writ of attachment, duly certified, upon Mr. Dolph, and also served a certified copy of it, together with a copy of the inventory, upon Mr. Dingman.

Mr. Dolph has no reason to complain of the action of the circuit judge. The contract between Mr. Watson and

Mr. Dingman was made in the fall of 1897. It was the claim of the plaintiff that he was to stay with Dingman until the job was done, including the driving of the logs, for which he was to receive $24 a month for the work in the woods and $1.50 a day for the driving; and that, though he worked for Mr. Tower 13 days after the logs were put in the river before the Dolph logs were driven, because it was desired to have the Tower logs go out first, the contract was a continuous one, and that he was entitled to a lien on the logs, not only for driving them, but also for the work done in the woods. It was the claim of the defendant that the hiring by the month was one contract, and the hiring by the day was a separate and distinct arrangement, and that the work by the month ended more than 30 days before the filing of the notice of a claim of lien, and that for that work the plaintiff was not entitled to a lien, and the judge should so direct the jury. His refusal to do so is said to be error. Testimony was offered tending to sustain the diverse claims of the parties. Under a very careful charge, these claims were submitted to the jury, who found in favor of the plaintiff. We do not think there is reversible error in the case.

Judgment is affirmed.

The other Justices concurred.